John J. BENSON, Plaintiff-Appellant,

v.

The COCA-COLA COMPANY,
Defendant-Appellee.

No. 85–5745.

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 8, 1986.

Rehearing and Rehearing En Banc
Denied Sept. 12, 1986.

Joseph Zallen, Ft. Lauderdale, Fla., for plaintiff-appellant.

Phillip A. Allen, III, Mershon, Sawyer, Johnston, Dunwody & Cole, William J. Dunaj, Miami, Fla., Robert C. Osterberg, Abeles, Clark & Osterberg, New York City, for defendant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant-plaintiff John J. Benson appeals from the district court's grant of directed verdict for appellee-defendant Coca-Cola Company. Appellant, an amateur songwriter, alleged that appellee's commercial advertising had infringed his copyright of the song "Don't Cha Know." Appellant began composing the song in 1929, finished it in 1960 and obtained a copyright that year. For the next five to six years, appellant attempted to sell the song by sending it to several well-known entertainers and record companies. In 1971, appellant heard Coca-Cola commercials using the song "I'd Like to Buy the World a Coke." Appellant believed that the commercial employed the music of his copyrighted work but substituted different words. In November, 1983, appellant brought suit in federal court for copyright infringement.

An action for infringement requires proof that appellant owns a valid copyright and that appellee has copied the protected work. *See Ferguson v. National Broadcasting Co.*, 584 F.2d 111 (5th Cir.1978). To establish copying, appellant must show that appellee had access to appellant's song, and that appellee's song is so substantially similar to appellant's that "an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 829 (11th Cir.1982) (quoting *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir.1977)). Proof of access and similarity is not enough, however, to affirmatively establish infringement. These elements only raise a presumption of infringement which may be rebutted by proof of appellee's independent creation of the allegedly infringing song. *See id.*

The district court employed these legal standards and concluded that even if appellant possessed the copyright for "Don't Cha Know,"[1] he had failed to prove copying. Specifically, appellant had failed to prove appellee's access to his song. In addition, appellant had provided evidence of appellee's independent creation, thereby sabotaging his own case.

Our role in reviewing the district court's grant of directed verdict is quite limited. We may only reverse the order if we find "substantial evidence, evidence of

---

**1.** Appellee contends that appellant has no standing to bring this case since he had assigned his ownership of the copyright on at least two occasions prior to suit. Given the dearth of the evidence on proof of copying, we find it unnecessary to reach the issue of ownership.

such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach differing conclusions, [specifically conclusions] opposing the motion for directed verdict." *Worsham v. A.H. Robbins Co.*, 734 F.2d 676 (11th Cir.1984).

Appellant insists that we find such evidence relating to the issues of access and independent creation. He contends that appellee's principal songwriters had access because both traveled extensively in the United States at the same time appellant publicized his song through performances in various nightclubs, hotels and restaurants. One of appellee's writers also had been a record company executive during the time appellant had sent copies of his song to various music publishers and record companies. Appellant also contends that he negated the possibility of independent creation because appellee's songwriters could not agree on exactly, when, where and how they had written appellee's song.

■■■ After carefully reviewing the trial transcript, we find no substantial evidence producing a jury question on either issue. Appellant's evidence of publication concerned performance of his song primarily in Hollywood, Fort Lauderdale and Miami, Florida. Isolated performances also occurred at a New Jersey restaurant, a New York Catskill resort, and a restaurant in San Raphael, California. Appellant's wife testified that most of these performances occurred in the early 1960s. Appellant produced no evidence that appellee's songwriters visited any of the places of performance during the relevant time period. Although one of the writers, Billy Davis, was in charge of developing repertoire materials for the Chess Record Company between 1961 and 1969, appellant never sent a copy of his song to Davis' employer. There is no evidence that any other record company receiving a copy of appellant's song forwarded it to Chess Records. Thus, appellant has not established "a reasonable possibility" that appellee's writers had access. *See Selle v. Gibb*, 741 F.2d 896 (7th Cir. 1984).[2]

■■■ Furthermore, the testimony of appellee's songwriters is consistent on the issue of independent creation. In describing their efforts 14 years after the fact, the writers agreed that they spent several days in a London studio in 1971, informally trading ideas for melody and lyrics, ultimately producing appellee's song. The fact that one of the writers, Roger Cook, claimed authorship of the basic melody line does not contradict appellee's version of events or impeach the credibility of the songwriters. Contrary to appellant's assertions, Cook never stated that he wrote a final version of appellee's song in Portugal in 1969. He stated only that in 1969 he wrote six or eight bars that were used as the starting point for the 1971 session. He agreed with Davis that each had contributed something to both the melody and lyrics, and that the song was created in London in 1971. This testimony constitutes uncontradicted evidence of independent creation, fully negating any claim of infringement.

AFFIRMED.

---

**2.** Appellant cannot escape the access requirement by arguing "striking similarity" of the songs in issue. Such similarity obviates a showing of access only where the similarity is so great it precludes the possibility of coincidence, independent creation or common source. *See Selle v. Gibb*, 741 F.2d 896 (7th Cir.1984). Appellant's music expert testified only that the works were so similar the average listener would believe them the same. This opinion does not address the crucial element of "striking similarity": that the only possible explanation is copying. An opinion establishing striking similarity should address the uniqueness or complexity of the protected work as it bears on the likelihood of copying. *See id.* This is particularly important with respect to popular music, "in which all songs are relatively short and tend to build on or repeat a basic theme." *Id.* at 905.