**Shirley EVANS, Plaintiff,**

v.

**WALLACE BERRIE & CO., INC., et al., Defendants.**

**No. 85–3354–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

March 15, 1988.

---

James N. Hurley, Miami, Fla., for Evans.

William Gallwey, III, John E. Meugher, Miami, Fla., for Wallace Berrie & Co.

Barry R. Davidson, Miami, Fla., for Sepp S.A., Hanna Barbera Productions and N.B.C.

## MEMORANDUM OPINION AND ORDER GRANTING FINAL SUMMARY JUDGMENT

SPELLMAN, District Judge.

This CAUSE comes before the Court upon Defendants', HANNA BARBERA PRODUCTIONS, INC., SEPP, S.A., NATIONAL BROADCASTING COMPANY, INC., and WALLACE BERRIE & CO., INC., Motions for Summary Judgment.[1]

### FACTS:

This is an action seeking relief for copyright infringement under 17 U.S.C. section 501. Plaintiff, Shirley Evans, is the holder of a registered Copyright TXU1–889 for the unpublished work "Snorkie Snorkel vs. Simon Shark." Defendants neither contest the validity of plaintiff's copyright nor that plaintiff was the sole creator of the work in question. Plaintiff claims that defendants infringed on her copyright by producing cartoon characters and an animated children's series entitled "The Snorks."

Sepp, S.A., a Belgian corporation specializing in publishing and television production, was involved in the creation of the "Snork" characters. Hanna Barbera Productions, Inc., an American producer of animated material, acquired certain rights to the "Snorks" from Sepp for the production of an animated cartoon series. The cartoon series, "The Snorks," was broadcast on the NBC network pursuant to an agreement between NBC and Hanna Barbera. Wallace Berrie & Co., Inc., pursuant to a licensing agreement with Sepp, produced and sold certain merchandise based on the Snork characters.[2]

### ANALYSIS:

To state a claim for copyright infringement, a plaintiff must demonstrate that she owned a valid copyright and that the defendant copied the copyrighted work. *Benson v. Coca–Cola Co.*, 795 F.2d 973, 974 (11th Cir.), *reh'g denied* 801 F.2d 404 (1986); *Southern Bell Telephone and Telegraph Co. v. Associated Telephone Directory*, 756 F.2d 801, 810 (11th Cir.1985); *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 824 (11th Cir.1982); *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 113 (5th Cir.1978). Because the defendants have not contested the fact that plaintiff owns a valid copyright to the work "Snorkie Snorkel vs. Simon Shark," the Court need focus only on the issue of whether the Defendants copied the protected work.

It is rarely possible for a plaintiff to muster direct proof of copying. Therefore, courts allow a plaintiff to prove, by way of inference, that a defendant copied

---

1. Defendant Wallace Berrie & Co., Inc.'s adopts as its Motion for Summary Judgment all arguments raised by the other named defendants in their motion for summary judgment.

2. Specifically, plaintiff's complaint alleges infringement of her copyright, unfair trade practices and unfair competition as follows: Hanna Barbera produced a cartoon series entitled "The Snorks" and caused it to be televised over the airwaves for profit; Sepp, S.A. contracted with distributors for the merchandising of the characters known as the Snorks; Wallace Berrie & Co., Inc. caused to be distributed stuffed toys and other merchandise and articles based upon the characters known as Snorks for profit; National Broadcasting Company, Inc. caused the television cartoon series known as "The Snorks" to be broadcast over television airwaves for profit.

the plaintiff's work by showing that defendants had access to the plaintiff's work and that the defendants works are "substantially similar" to plaintiff's. *Benson,* 795 F.2d at 974; *Original Appalachian Artworks, Inc.,* 684 F.2d at 829; *Ferguson,* 584 F.2d at 113. If the Plaintiff shows a "striking similarity" between the protected work and the alleged infringing work, she need not show access to sustain her case.[3] *Ferguson,* 584 F.2d at 113.

■ Access may be proved by showing that Defendants viewed Plaintiff's copyrighted work or had a reasonable opportunity to view the work. *Ferguson,* 584 F.2d at 113; 3 M. Nimmer, Nimmer on Copyright section 13.02[A], 13-10 (1987) [hereinafter Nimmer on Copyright]. Plaintiff must show more than a bare possibility of access; at a minimum there must be a reasonable possibility of access. *Ferguson,* 584 F.2d at 113.

■ Plaintiff's works were never provided to the Defendants. *See* Plaintiff's Supplementary Response to Defendant's Interrogatories (wherein Plaintiff lists the names of those persons or companies receiving Plaintiff's work for consideration). Instead, Plaintiff alleges access to her unpublished work by virtue of its dissemination to nineteen other named publishers. The gravemen of Plaintiff's theory seems to be that by virtue of her work being provided to a variety of other publishers, these Defendants somehow had access to it also. Plaintiff, however, has not alleged that Defendants had any connection with these other nineteen publishers, with the exception of one, Marvel Comics, nor does this Court find any inference of connection between these Defendants and any other named publisher from any of the pleadings to support this theory. A finding of access simply cannot be based on speculation or conjecture. *Ferguson,* 584 F.2d at 113.

■ While at least two circuits have recognized that a reasonable possibility of access may be established if Plaintiff's work was widely disseminated to the public,

*Selle v. Gibb,* 741 F.2d 896, 901 (7th Cir. 1984); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 722 F.2d 988, 998 (2d Cir.1983), it can hardly be said that Plaintiff's work was "widely disseminated" simply because publishers, some of whom are in Australia, received Plaintiff's work. Plaintiff admits her work was never published nor distributed to the public at large. *See* Plaintiff's Answers to Defendants' First Set of Interrogatories.

■ Plaintiff also contends that access is established by virtue of her dealings with one Stephen Wagner, a friend of Plaintiff's involved in the literary field in New York, through his subsequent dealings with Marvel Comics. Sepp, S.A. and one Mr. Monnickendam, an employee of Sepp and the alleged creator of the "Snork" characters, had a relationship with Marvel Comics because of their contract covering "The Smurfs," another cartoon character. *See* Deposition of A.F. Monnickendam, p. 50. Plaintiff alleges that she gave her works to Wagner, who later informed her that he gave her works to Marvel Comics. Plaintiff does not allege that she personally gave her work to Marvel. Plaintiff appears to suggest that a reasonable possibility of access arises from the fact that a channel of communication was established between the person to whom the work was submitted, Marvel, and the person who allegedly was the original creator of Defendants' work. *See generally* 3 Nimmer on Copyright section 13.02[A]. She argues that through this channel individuals at Marvel Comics communicated to Sepp and/or Monnickendam the contents of Plaintiff's work.

Plaintiff's argument is not convincing. Wagner's statements constitute hearsay under Federal Rule of Evidence 801 and as such are not entitled to any weight in considering a motion for summary judgment. *Martin v. John W. Stone Oil Distributor, Inc.,* 819 F.2d 547, 549 (5th Cir.1987) (courts cannot properly consider hearsay

---

3. At least one Circuit, however, has required a plaintiff to show a "threshold of proof which demonstrates that the inference of access is rea-

sonable" even when works are strikingly similar. *Selle v. Gibb,* 741 F.2d 896, 902 (7th Cir. 1984).

evidence in ruling on motion for summary judgment). Plaintiff relies solely on this hearsay evidence contained in her own self serving affidavit to tangentially link the defendants with access to her works. Other than Plaintiff's conclusory allegations of access, she has failed to come forward with "specific facts showing that there is a genuine issue for trial" on this issue. Fed.R. Civ.P. 56(e); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Even assuming access, the works bear no substantial similarity. To show "substantial similarity," one must show that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Original Appalachian Artworks, Inc.,* 684 F.2d at 829 (quoting *Durham Industries, Inc. v. Tomy Corp.,* 630 F.2d 905, 911 (2d Cir.1980)). Plaintiff has submitted a copy of portions of the work alleged to have been infringed as well as portions of Defendants' allegedly infringing work.[4] This Court, after carefully reviewing the works and the stated similarities delineated by the Plaintiff, finds that although there may be similarities between Plaintiff's "Snorkie Snorkel vs. Simon Shark" and Defendants' "The Snorks," as a matter of law, no trier of fact could find that the works are substantially similar.[5]

In determining whether two works are substantially similar, the similarities shared cannot be attributable to generalized themes or ideas. *Warner Bros., Inc. v. American Broadcasting Co.,* 654 F.2d at 204, 208 (2nd Cir.1981); *Reyher v. Children's Television Workshop,* 533 F.2d 87, 88 (2d Cir.), *cert. denied,* 429 U.S. 980, 97 S.Ct. 492, 50 L.Ed.2d 588 (1976). Copyrighted works are only granted protection

to the extent of a particular expression of an idea; the idea itself is not protected. *Landsberg v. Scrabble Crossword Game Players, Inc.,* 736 F.2d 485, 488 (9th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984); *Reyher,* 533 F.2d at 90; *Original Appalachian Artworks, Inc.,* 684 F.2d at 829 n. 11.

Both Plaintiff's story and Defendants' story involve an underwater world. Such similarities as using a sand dollar as currency, foods made of seaweed, seahorses for transportation and plates made of oyster or mother of pearl are not protected similarities of expression, but are more accurately characterizations that naturally follow from the common theme of an underwater civilization. *See Reyher,* 533 F.2d at 91 ("Copyrights ... do not protect thematic concepts or scenes which necessarily must follow from certain similar plot situations."). *Scenes a faire,* events which naturally follow from a common theme, do not support liability. *Reyher,* 533 F.2d at 91; 3 Nimmer on Copyright section 13.-03[A], 13–32. Under the doctrine of *scenes a faire,*

> a second author does not infringe even if he reproduces verbatim the first author's expression, if that expression constitutes "stock scenes or scenes that flow[ ] necessarily from common unprotectable ideas," ... because to hold otherwise would give the first author a monopoly on the commonplace ideas behind the *scenes a faire.*

*Landsberg,* 736 F.2d at 489. "Copyrights, then, do not protect thematic concepts or scenes which necessarily must follow from certain similar plot situations." *Reyher,* 533 F.2d at 91. Similarities in descriptive characterizations are nothing more than

---

4. Plaintiff's Response to Defendants' Motion for Summary Judgment has attached as Composite Exhibit C extractions from her stories with extractions from Defendants' story and a summary of the similarity. Plaintiff, however, included within this Composite portions from stories for which she has not provided proof of any copyright. In her complaint, she alleges an infringement of only her copyrighted work "Snorkie Snork vs. Simon Shark." Defendants' Reply to Plaintiff's Response, however, attached

a version of the story comparison with the *uncopyrighted* portions redacted.

5. If the court, after reviewing the copyrighted work and the allegedly infringing work, concludes that no trier of fact could find that the two works are substantially similar, summary judgment for the defense is appropriate. *Frybarger v. International Business Machines Corp.,* 812 F.2d 525 (9th Cir.1987); *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir.1986).

*scenes a faire* because they are merely descriptions one would ordinarily associate with the underwater and ordinarily use if describing underwater events. Plaintiff cannot complain as to Defendants' use of those certain underwater descriptions.

■ Plaintiff states a similarity of events, such as: snork characters using bubbles to scare a predator, a character being banished because he looks different from the other characters, carnivals and picnics taking place, characters doing specific dances and singing particular songs; and a similarity of names, such as: Rockey Reef—Rocky Ridge, Snorkie—Snorky, Sandy Cove—Cool Current Cove. These similarities, however, do not rise to the level of substantial similarity necessary for Plaintiff to sustain her case. The concepts of festivities, dancing, singing and picnicking are not protectible expressions of idea, but merely events that could transpire in any storyline. The fact that these events took place in the underwater setting is of no import because the underwater theme is not a protectible one.

■ Even without proof of access, however, Plaintiff can make out her case by showing that the two works are strikingly similar. *Ferguson,* 584 F.2d at 113. "Striking similarity simply means that in human experience it is virtually impossible that the two works could have been independently created." 3 Nimmer on Copyright section 13.02[B], 13–15 and 13–16 n. 20.2. This is an exacting burden for which there is no clear cut test. Suffice it to say, however, that for the reasons already stated, Plaintiff has failed to show that the works in question bear a "substantial similarity," much less a striking similarity.[6] Therefore, this theory will not support Plaintiff's recovery in this action.

---

**6.** Defendants' evidence of independent creation of the Snorks, *See* Affidavit of Monnickendam, is directly contradicted by the unsigned Affidavit of Nic Broca. However, Defendants' failure to affirmatively establish independent creation in no way precludes the conclusion that the works are not strikingly similar. By definition, strikingly similar means that the similarities

## CONCLUSION:

Plaintiff has failed to show copying, the *sine qua non* of a copyright infringement claim. Plaintiff has not produced any probative evidence of access. Consequently, Plaintiff has the heavy burden of showing that her work and the allegedly infringing work are strikingly similar. However, the works in question are a far cry from being strikingly similar. They share an uncopyrightable idea of an undersea world. Certain characterizations used in both are simply *scenes a faire,* which would be common to most children's undersea stories. Any similarity of events pointed out by Plaintiff are of such a general nature that they are more accurately ideas, rather than protectible expressions of ideas. Even if this Court were to assume access, any similarities in the stories do not rise to a level of substantial similarity necessary to sustain an infringement action.

Plaintiff has failed to present evidence suggesting that there is a genuine issue of fact for trial. It is clear that:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... [There is] no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.... Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

between the works can only be explained by copying, not coincidence, independent creation or prior common source. *Selle,* 741 F.2d at 904. Any similarities in the works in question here are not explained only by copying, but are more accurately due to the same idea of an underwater setting and general events that are common to any story.

*Celotex Corp.*, 106 S.Ct. at 2553–53. After reviewing the Defendants' Motion, Plaintiff's Response and the file in the above-named case, this Court finds that there is no disputed facts and that the Defendants are entitled to judgment on its Motion as a matter of law. It is hereby

ORDERED AND ADJUDGED that the Defendants' Motions for Summary Judgment are GRANTED. It is further ordered that Defendants file with this Court a proposed Final Judgment within ten (10) days from the date of this Order.