857 F.2d 1475
 1988 Copr.L.Dec. P 26,321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark A. TRAPANI, Plaintiff-Appellant,
v.
CBS RECORDS, INC., et al., Defendants-Appellees.
 No. 87-6034.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY Jr. and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, acting pro se, filed a complaint alleging that defendants infringed the copyright on a song he had written. The complaint also contained a common law trademark claim. After discovery, the district court granted the defendants' motion for summary judgment. We shall affirm the judgment.
 
 
 2
 * Plaintiff is an unemployed 26-year-old Maryland resident who occasionally writes songs as a hobby. In 1980 plaintiff composed the song that is the subject of this lawsuit, a work entitled "Fool For Your Love." He showed it to his mother and registered it for copyright. Plaintiff's father paid to have a recording studio make a phonograph record of the song, and about 800-1200 copies were produced. (The recording was separately copyrighted, but plaintiff does not claim infringement of that copyright.) Plaintiff testified at his deposition that he gave away about 125 copies of the record while performing at private parties in and around Washington, D.C., and he and his father also delivered an unknown number of copies to Maryland record stores. There is no evidence that any copies were ever sold. Plaintiff also testified that he delivered copies of the record to radio stations in Maryland and Washington, and arranged for Broadcast Music, Inc. (BMI) to collect royalties on his behalf. He testified that he heard his song played "at least 10 or 12 times" on the radio, although BMI has no record of any performances and plaintiff never received any royalties. He also testified that he performed the song about 20 times in person, mainly at parties, and played the record publicly about 30 or 40 times.
 
 
 3
 In 1983 plaintiff sent a copy of the record to Epic Records, a label used by defendant CBS Records, Inc. CBS Records sent plaintiff a form letter rejecting the proffered record. The employee who signed the letter stated in an affidavit that such unsolicited material was invariably either returned or destroyed and was never retained or further circulated.
 
 
 4
 In 1982 defendant Don Singleton composed a song while sitting at his kitchen table in Memphis, Tennessee. Singleton called his song "Fool For Your Love." He stated in his affidavit that he had never heard of the plaintiff and had never been in or near Washington, D.C., or Maryland during the year when plaintiff's song was said to have been performed at private parties, made available in record stores, and played on the radio. Singleton had never dealt with CBS Records, and the employee who rejected plaintiff's record never heard of Singleton. In 1983, however, country and western singer Mickey Gilley recorded Singleton's song for CBS Records.
 
 
 5
 The record shows that there are at least a dozen songs with the same title as plaintiff's, several of which have been commercially successful. Some of these "Fool For Your Love" songs were recorded before plaintiff's was written, and some were recorded afterwards. The printed sheet music of Singleton's song identifies Singleton as the composer. The label on the allegedly infringing CBS recording identifies Singleton as the composer and Mickey Gilley as the performer.
 
 
 6
 Plaintiff brought suit against CBS Records and others in the United States District Court for the District of Columbia. The case was dismissed because of improper venue. Plaintiff then sued CBS Records alone in the United States District Court for the District of Maryland. The court transferred the case to the Middle District of Tennessee, admonishing the plaintiff to add any additional defendants whose presence might be necessary to resolve the controversy. The district court in Tennessee granted plaintiff's request to add additional defendants. Discovery proceeded, and plaintiff filed more than 45 motions, letters, proposed orders, and other documents. Both the plaintiff and the defendants eventually moved for summary judgment, and a magistrate recommended that the court grant the defendants' motion and dismiss the action with prejudice. The district court adopted the magistrate's recommendation, and this appeal followed.
 
 II
 
 7
 Traditionally, there has been considerable reluctance to grant motions for summary judgment in copyright infringement cases. Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir.1946), cert. denied, 330 U.S. 851 (1947). But see Ferguson v. National Broadcasting Co., 584 F.2d 111, 114 (5th Cir.1978) (Arnstein "no longer good law"). Our circuit is not unwilling to grant such motions in appropriate cases. See Wickham v. Knoxville International Energy Exposition, 739 F.2d 1094, 1097 (6th Cir.1984) (absence of any genuine issue as to element of similarity).
 
 
 8
 To make out a copyright infringement claim, a plaintiff must show (1) ownership of a valid copyright on the work alleged to have been infringed, and (2) copying by the defendant. Wickham, 739 F.2d at 1097; Benson v. Coca-Cola Co., 795 F.2d 973, 974 (11th Cir.1986). Proof of access by the defendant to the protected work and substantial similarity of the two works is sufficient to permit an inference of copying, even in the absence of direct evidence that copying occurred. Wickham, 739 F.2d at 1097; Novelty Textile Mills, Inc. v. Joan Fabrics Corp., 558 F.2d 1090, 1092 (2d Cir.1977).
 
 
 9
 There is no dispute over the validity of plaintiff's copyright in the case at bar, so only copying is at issue. There being no direct evidence of copying, plaintiff must show access and substantial similarity if an inference of copying is to be drawn.
 
 
 10
 There is absolutely no evidence that defendant Singleton ever had access to plaintiff's composition. There is no evidence that plaintiff's song was heard by anyone outside the area of metropolitan Washington, and there is no evidence that Singleton ever was present in that area at a time when he might have heard plaintiff's song. In his deposition, plaintiff appears to admit that he does not claim Singleton ever had access to plaintiff's song. It is clear that plaintiff can have no claim against defendant Singleton.
 
 
 11
 Although CBS Records did have access to plaintiff's song in 1983, it was Singleton's song that CBS Records recorded, not plaintiff's. Singleton's song has not been shown to have infringed plaintiff's copyright, so the CBS recording of Singleton's song could not infringe plaintiff's copyright.
 
 
 12
 Plaintiff apparently claims that the songs are similar. He testified at his deposition that a musicologist told him that "the melodies have too much in common to have been created independently." We have no affidavit from the musicologist, however, and plaintiff said that the musicologist would not testify on his behalf "unless something changes dramatically...." In any event, similarity is normally irrelevant without proof of access.
 
 
 13
 When the similarity between two works is so striking that there is no plausible possibility of independent creation, the "striking similarity" may dispense with the need for proof of access. Arnstein v. Porter, 154 F.2d at 468-69; Selle v. Gibb, 741 F.2d 896, 903-904 (7th Cir.1984). The application of the "striking similarity" doctrine is generally limited, however, to complex or sophisticated subject matter where independent creation would be exceptionally unlikely. Selle, 741 F.2d at 904. It would not apply in a case such as this one, involving two tunes that have few distinctive features and are alike mainly in their banality. There is no genuine issue of material fact concerning copying, and defendants' motion for summary judgment on the infringement claim was thus properly granted.
 
 III
 
 14
 Entirely apart from his claim that the content of the Singleton song infringed his copyright, plaintiff claims that defendants' use of the title "Fool For Your Love" constitutes common law trademark infringement. It is clear that the title to a song cannot be copyrighted as such, Kirkland v. National Broadcasting Co., 425 F.Supp. 1111, 1114 (E.D.Pa.1976), aff'd, 565 F.2d 152 (3d Cir.1977), or registered as a trademark, Application of Cooper, 254 F.2d 611, 616 (C.C.P.A.1958), cert. denied, 358 U.S. 840 (1958). However, a title may be protected as a common law trademark if two elements are established: the title has acquired "secondary meaning", and the allegedly infringing use of the title creates a substantial likelihood of confusion. Kirkland, 425 F.Supp. at 1115.
 
 
 15
 A title acquires secondary meaning only if "in the minds of a significant number of the public, the title is associated with a single source of the literary work." Rossner v. CBS, Inc., 612 F.Supp. 334, 339 (S.D.N.Y.1985). Considering the evidence in the light most favorable to the plaintiff, there is no genuine issue of material fact on this issue here. There is no evidence that the song title "Fool For Your Love" is associated with any single creative source, least of all with the plaintiff. It is uncontroverted that at least 12 different songs with that title have been written and registered with performing rights societies, and plaintiff's song was far from preeminent in this company.
 
 
 16
 Neither is there any genuine issue of material fact with respect to confusion. Both the published sheet music and the CBS recording of the allegedly infringing song were clearly labeled with the name of the composer (and in the case of the record, the name of the performer). Plaintiff can point to nothing in the record even remotely suggesting that any purchaser of defendants' record album would be confused as to the origin of the song "Fool For Your Love."
 
 IV
 
 17
 Defendants seek attorney's fees, either under Fed.R.App.P. 38 or under the Copyright Act, 28 U.S.C. Sec. 505. Rule 38 provides for the award of "just damages and single or double costs to the appellee" if the court finds an appeal is "frivolous." Such an award is permitted within the discretion of the court as "a penalty for the institution of a frivolous or bad faith suit." Jartech, Inc. v. Clancy, 666 F.2d 403, 407 (9th Cir.1982), cert. denied, 459 U.S. 879 (1982). Under Sec. 505, the court has discretion to award fees even without a showing of bad faith. Original Appalachian Artworks, Inc. v. Toy Loft, 684 F.2d 821, 832 (11th Cir.1982).
 
 
 18
 Although plaintiff's claims have no merit, there is no evidence that he acted in bad faith. He appears to have a deep, if misguided, sense of grievance and a very limited appreciation of the weakness of his legal position. Therefore, we deny the defendants' request.*
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 In addition to the issues properly before the court on appeal, plaintiff raises a number of other issues in his brief and in additional motions and other documents filed with the court, many of which are nearly unintelligible. Since these issues were not presented to the trial court, we decline to consider them. Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 164-65 (6th Cir.1985)