**ARTHUR RUTENBERG HOMES, INC.,** a Florida Corporation and M. Pete McNabb, Inc., a Florida Corporation, Plaintiffs/Counterdefendants,

v.

Albert **BERGER,** an individual, Ann Berger, an individual, Dwight Morrison, an individual, BFM Home Designers & Builders, Inc., a Florida Corporation, Defendants/Counterplaintiffs.

No. 94–1469–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 28, 1995.

Frank R. Jakes, James William Humann, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for Arthur Rutenberg Homes, Inc., M. Pete McNabb, Inc.

Michael E. Sweeting, Paderewski & Sweeting, P.A., Sarasota, FL, for Albert Berger, Ann Berger.

Philip Nathan Hammersley, Anthony S. Cabrera, Norton, Moran, Hammersley, Dunlap, Gurley & Lopez, P.A., Sarasota, FL, for Dwight Morrison, BFM Home Designers & Builders, Inc.

**AMENDED**

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before this Court on the Motion of Plaintiff/Counterdefendants (hereinafter "ARH/MCNABB") for Summary Judgment on Counterclaim pursuant to Rule 56(c), Federal Rules of Civil Procedure (Dkt. No. 43), and response thereto filed by Defendant/Counterplaintiff (hereinafter "Morrison/BFM") (Dkt. No. 46).

The purpose of this Amended Order is to correct some scrivener's errors.

## BACKGROUND

ARH/MCNABB seeks summary judgment as to the validity of MORRISON/BFM's copyright ownership in the "St. Augustine A" and "St. Augustine" plans, respectively. ARH/MCNABB challenges the validity of MORRISON/BFM's claim of copyright ownership on five (5) grounds:

(1) MORRISON/BFM have not produced a valid copyright Registration Certificate, and even if MORRISON/BFM have obtained copyright registration, that said registration is invalid;

(2) MORRISON/BFM cannot claim copyright in the "St. Augustine A" plans because they did not author the "St. Augustine A" architectural plans;

(3) MORRISON/BFM do not own the "St. Augustine A" copyright because there has been no written assignment of authorship;

(4) MORRISON/BFM have forfeited the right to claim copyright protection in the "St. Augustine A" plans; and

(5) MORRISON/BFM have no proof that ARH/MCNABB had access to the "St. Augustine" and/or "St. Augustine A" plans.

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is

viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir. 1979), quoting *Gross v. Southern Railway Co.,* 414 F.2d 292 (5th Cir.1969) Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion against a party who fails to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires that the nonmoving party go beyond the pleadings and by her own affidavits or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific acts showing there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

## *DISCUSSION*

### *Ground One*

In Ground One, ARH/MCNABB asks the Court to grant its summary judgment Motion, since MORRISON/MCNABB has not produced a valid copyright Registration Certificate. ARH/MCNABB further contends that even if MORRISON/BFM have obtained a copyright Registration, the Registration is invalid.

■ The Copyright Act, 17 U.S.C. § 411, provides that no action for infringement may be instituted until registration of the copyright claim has been made. The Copyright Office's grant of copyright protection, evidenced by the Certificate of Registration, is *prima facie* evidence of validity of the copyright. 17 U.S.C. § 410(c); *Donald Frederick Evans v. Continental Homes, Inc.,* 785 F.2d 897, 903 (11th Cir.1986).

■ In the instant case, MORRISON/BFM applied for registration of the "St. Augustine" plan on or about October 15, 1994. Subsequently, MORRISON/BFM received a Certificate for the "St. Augustine" plan copies which were attached to MORRISON/BFM's Motion in Opposition to ARH/MCNABB's Motion for Summary Judgment as EXHIBIT "A". Therefore, the Copyright Office's grant of copyright protection, evidenced by Certificates of Registration, is *prima facie* evidence of MORRISON/BFM's copyright ownership in the "St. Augustine" plan.

If an opponent moves for a summary judgment based on lack of proof of a material fact, the Judge must ask himself, not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the nonmovant on the evidence presented. *Anderson v. Liberty Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, ARH/MCNABB fails to convince this Court that a fair-minded jury could not return a verdict for the nonmovant, MORRISON/BFM, based on the production of the Certificate of Registration.

### *Grounds Two and Three*

In Grounds Two and Three, ARH/MCNABB allege that MORRISON/BFM cannot claim copyright protection in the "St. Augustine A" plan because they did not author the "St. Augustine A" architectural plans; and, that there has been no written assignment of authorship.

■ The author is the party who actually creates the work, that is, the person who translates idea into fixed, tangible expression entitled to copyright protection under 17 U.S.C. § 201(a). *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1988).

■ In this case, ARH/MCNABB argues that MORRISON purchased the assets of BFM Associates, Inc. in January, 1990 from its president, B. Fred Meyer (hereinafter "Meyer"), and formed a new corporation. ARH/MCNABB further contend that B. Fred Meyer is the author of "St. Augustine

A," and that only Meyer, the copyright owner, may apply for registration.

MORRISON/BFM contend that MORRISON purchased all house plans previously used by Meyer pursuant to an agreement. MORRISON/BFM contend that there remains an unresolved issue of material fact as to whether Meyer's sale of all assets in BFM Associates effectively transferred Meyer's copyright ownership in the various house plans.

■ Credibility determinations, weighing of evidence and drawing of legitimate inferences from the facts are jury functions, not those of a judge when ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 242, 106 S.Ct. at 2506–2507. This Court finds that there remains an unresolved genuine issue of material fact as to whether Meyer's sale of all assets of BFM Associates effectively transferred copyright ownership to MORRISON/MCNABB, which precludes the entry of summary judgment at this time.

■ ARH/MCNABB further contend that MORRISON/BFM's subsequent authorship of the "St. Augustine" plan in 1991 is derivative work, and should not be granted full copyright protection. MORRISON/BFM currently possess a Certificate of Registration from the Copyright Office, which is *prima facie* evidence of MORRISON/BFM's copyright ownership in the "St. Augustine" plan.

■ Copyright registration certificates constitute *prima facie* evidence of the facts stated therein, 17 U.S.C. 410(c), and establish proof of plaintiffs' ownership of valid copyrights.... *Chi–Boy Music v. Towne Tavern, Inc.*, 779 F.Supp. 527 (N.D.Ala.1991). MORRISON/BFM's certificate of registration to the "St. Augustine plan" is presumed valid, and ARH/MCNABB's conclusory contention that the "St. Augustine plan" is a derivative work does not persuade this Court, since fact issues present here, and discussed below, preclude summary judgment in this copyright infringement case.

■ ARH/MCNABB contend that MORRISON/BFM willfully misstated or omitted facts for which the Copyright Office could

have based its evaluation of the "St. Augustine" plans, and that such misstatements or omissions would invalidate the Certificate of Registration.

■ Irregularities in copyright application standing alone would not affect the validity of copyright. *Wrench v. Universal Pictures Co.*, 104 F.Supp. 374 (S.D.N.Y.1952). A party which lacks the requisite scienter or possesses no intent to mislead cannot have its Certificate of Registration invalidated for misstatements or omissions of fact. *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 822 (11th Cir.1982).

■ It is not presumed that a copyright duly registered has been fraudulently obtained. *Vance v. American Soc. of Composers, Authors and Publishers*, 271 F.2d 204 (8th Cir.1959) cert. denied 361 U.S. 933, 80 S.Ct. 373, 4 L.Ed.2d 355 (1960). A misstatement in the Registration Certificate, if unaccompanied by fraud, will not invalidate the copyright or the Registration Certificate. *Baldwin Cooke Co. v. Keith Clark Inc.*, 383 F.Supp. 650 (N.D.Ill.1974) affirmed, 505 F.2d 1250 (1974).

The law is well settled that absent a fraud, or any purposeful attempt to mislead the Copyright Office, the Court would not invalidate an otherwise valid Certificate of Registration. There is no evidence on record to show that MORRISON/BFM fraudulently obtained the Registration Certificate, nor has ARH/MCNABB show that MORRISON/BFM possessed the requisite scienter to mislead the Copyright Office. Intent is not an issue that lends itself to resolution on a summary judgment motion. Accordingly, this Court finds that there is a genuine issue of material fact which precludes the granting of summary judgment as to this issue.

*Ground Four*

■ In Ground Four, ARH/MCNABB contend that MORRISON/BFM have forfeited the right to claim copyright protection in the "St. Augustine A" plans. ARH/MCNABB contend that MORRISON/BFM first published the "St. Augustine A" plan in September 1988, without the required statutory notice. ARH/MCNABB further contend that MORRISON/BFM failed to cure

their omission, because they did not register the work with the Copyright Office within five years after publication pursuant to 17 U.S.C. 405(a) (1986).

MORRISON/BFM concede that they are unable to obtain copyright registration for the "St. Augustine A," as the Application for Registration did not occur within five (5) years of first publication. MORRISON/BFM nonetheless asserts that substantive copyright ownership exists in the "St. Augustine A" plan.

▮▮▮ Failure to register work prior to filing suit is not fatal to the copyright holder's substantive interest. *Infodek, Inc. v. Meredith–Webb Printing*, 830 F.Supp. 614 (N.D.Ga.1993). The issues of copyright infringement and improper appropriating are issues of fact. *Arnstein v. Porter*, 154 F.2d 464 (2nd Cir.1946). A movant's motion for summary judgment in a copyright infringement case should be granted only in the rarest instances. *Reyher v. Childrens Television Workshop*, 377 F.Supp. 411 (S.D.N.Y. 1974).

Since, in ruling on motion for summary judgment, all doubt must be resolved in favor of the nonmovant, this Court finds that there remains an unresolved issue of material fact as to Ground Four which precludes the entry of summary judgment against MORRISON/BFM at this time.

*Ground Five*

▮▮▮ In Ground Five, ARH/MCNABB contend that MORRISON/BFM have no proof that ARH/MCNABB had access to the "St. Augustine" and/or the "St. Augustine A" plans. To support this contention, ARH/MCNABB note that Thomas Kruempelstaedter, the author of "Martinique," did not rely on any extraneous materials when he created "Martinique." Kruempelstaedter also stated in deposition that a substantial similarity existed between the "St. Augustine" plan and "Martinique."

▮▮▮ Since proof of direct copying is difficult, copying may be proven inferentially or indirectly by showing that the infringer had access to the protected work, and there is substantially similarity between the protected work and alleged infringing work.

*Beal v. Paramount Pictures*, 20 F.3d 454 (11 Cir.1994); *Evans v. Wallace Berrie & Co., Inc.*, 681 F.Supp. 813, 816 (S.D.Fla.1988). Reasonable opportunity to view copyrighted work is regarded as access by itself. *Goldman–Morgen, Inc. v. Dan Brechner & Co., Inc.*, 411 F.Supp. 382 (S.D.N.Y.1976).

▮▮▮ If a party is able to show a "striking similarity" between the protected work and the infringing work, the party need not prove access to prevail. *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir.1978). The Court may grant summary judgment for the movant in a copyright infringement action if the similarity between works concerns only noncopyright elements, or if no reasonable jury would find that the two works are substantially similar. *Beal*, 20 F.3d at 454.

Generally, courts have held that access can be shown indirectly from striking similarity despite the existence of uncontradicted sworn denial of access by the other party. In the instant case, the facts are undisputed that "Martinique" was created approximately nine months after the creation of the "St. Augustine" plan. Kruempelstaedter, in his deposition testimony, conceded that there appeared to be substantial similarity between the "St. Augustine" plan and the "Martinique" plan. Whether the similarity between the two plans rises to the level of "striking similarity" is an unresolved material issue of fact which precludes the granting of summary judgment.

Further, the record shows that the floor plan of the "St. Augustine" was on display on a wall of floor plans in a MORRISON/BFM model located in Serenoa. The record also shows that Steve Gaston, an employee of MCNABB, visited every one of BFM's models in Serenoa. It could not be said that a reasonable jury cannot find that ARH/MCNABB, or its employee Gaston, had reasonable opportunities of access to the "St. Augustine" plan. Since substantial similarity is usually an extremely close issue of fact, and summary judgment is disfavored in cases involving intellectual property, this Court agrees with MORRISON/BFM's contention that ARH/MCNABB had a reasonable op-

portunity of access to the "St. Augustine" plan, which generates unresolved issues of material fact precluding summary judgment.

### CONCLUSION

Generally, the granting of summary judgment, particularly in favor of a defendant, is a practice to be used sparingly in copyright infringement cases. Whether a trial court, under the summary judgment rule, properly deprived the nonmovant of a trial of his copyright infringement action depends on whether there was a slightest doubt about the facts. *Arnstein v. Porter*, 154 F.2d 464.

Considering all the evidence in the light most favorable to the nonmovant, MORRISON/BFM, this Court finds that the movants, ARH/MCNABB, have not sustained their burden of showing the absence of a genuine issue of material fact in reference to the validity of MORRISON/MCNABB's copyright ownership in the "St. Augustine A" and "St. Augustine" plans, respectively. This Court further finds that MORRISON/MCNABB have met the *Celotex* test by highlighting specific issues of factual disputes, showing the existence of genuine issues for trial. Accordingly, it is

**ORDERED** that Plaintiffs/Counterdefendants' Motion for Summary Judgment be **DENIED** in all respects.

**DONE AND ORDERED.**